IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLAH, a/k/a KEVIN KERR, THE** | : | |
| **MOORISH SCIENCE TEMPLE OF** | : | |
| **AMERICA, Inc.,** | : | |
| | : | |
| Plaintiffs | : | CIVIL NO. 1:CV-05-1165 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **MISS HOLLENBACH,** | : | |
| | : | |
| Defendant | : | |

## M E M O R A N D U M

I. **Introduction**

Plaintiff, Allah, a/k/a Kevin Kerr, a/k/a The Moorish Science Temple of America, Inc.,[1] a prisoner currently incarcerated at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a *Bivens*[2] civil rights complaint (Doc. 1). The filing fee has been paid in full. Named as Defendant is USP-Lewisburg Executive Assistant Warden, Miss Hollenbach.

---

[1] It appears that Plaintiff refers to himself as The Moorish Science Temple of America, Inc. Thus, the reasoning in this memorandum applies to both of the named plaintiffs.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Plaintiff claims that the Defendant violated the Bureau of Prisons' policy to assist inmates in "any way possible to obtain [their] personal goals" (Doc. 2 at 2), when she declined his "proposal for a marriage in Islam." (*Id*. at 10.) Plaintiff claims that his marriage to Defendant would "provide for the common defence (sic) and general welfare of the Defendant et al., as well as protect the Defendant from the possibility of having given 'aid to the enemy.' " (*Id*.) Plaintiff also asserts that Defendant's rejection of the marriage proposal constitutes a breach of contract, and violates his rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc et seq. (2000) ("RLUIPA").[3] For the following reasons, the complaint will be dismissed as frivolous.

## II.   Discussion

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) established new obligations for prisoners who file civil rights actions in federal court. Section 1915A of the Act requires courts to screen complaints in civil actions in which a prisoner is seeking redress from an officer or employee of a governmental entity, and "dismiss the complaint . . . if the complaint –

---

[3] 42 U.S.C. § 2000cc states that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person."

(1) is frivolous . . . or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Plaintiff's claim for specific performance of a "contractual covenant" between the parties (Doc. 2 at 27), requiring Defendant to accept Plaintiff's marriage proposal, as well as his RLUIPA claim and his religious worship claim, will be dismissed as frivolous under § 1915A(b)(1).  This section applies equally to cases that are *factually* frivolous and those that are *legally* frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

An action is *legally* frivolous if it is based upon an indisputably meritless legal theory, and may be dismissed under § 1915A(b)(1).  *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Similarly, the court is compelled to dismiss frivolous complaints under 42 U.S.C. § 1997e(c).[4]

---

[4]Section 1997e states, in relevant part:

(c) **Dismissal**. (1) The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under [Section 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action

3

A *Bivens* action is the federal equivalent of the § 1983 cause of action against state actors. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). In order to state a viable *Bivens* claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of federal law, and 2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.*; *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Plaintiff appears to argue that: (1) exercise of his religious beliefs would require him to marry the Defendant, and by declining his marriage proposal she has violated his rights to religious exercise; (2) Defendant's refusal of his marriage proposal breached some alleged contract between the parties; and (3) Defendant's refusal of marriage constitutes a refusal to "recognize this Plaintiff's nationality . . . in violation of [RLUIPA]." (Doc. 9 at 2.) Upon consideration of Plaintiff's allegations, the court finds that dismissal is warranted. Plaintiff has not implicated any federal statutory or Constitutional right that has been violated by Defendant's actions in the first two claims. Further, in reference to the breach of contract claim, Plaintiff does not set

---

is frivolous, malicious, or fails to state a claim upon which relief can be granted . . . .

forth any contractual agreement between the parties.[5] As it relates to RLUIPA, Plaintiff does not set forth any indication of how Defendant's actions have imposed a substantial burden on his exercise of religion, as required under the RLUIPA. *See* 42 U.S.C. § 2000cc(a). Consequently, Plaintiff's Complaint is based upon indisputably meritless legal arguments, and his Complaint will be dismissed as frivolous.

## III. Conclusion

Because Plaintiff fails to set forth a federal statutory or Constitutional right that is allegedly violated by Defendant's refusal of marriage, and he has failed to set forth some substantial burden on his exercise of religion, his Complaint is legally frivolous and it will be dismissed. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: July 29, 2005.

---

[5]Plaintiff's reference to the "Introduction to [Prison] Rules and Regulations" (Doc. 2 at 2) for the proposition that Defendant had a "contractual obligation to assist this Plaintiff 'in any way possible to obtain his personal goals' " (Doc. 1 at 7) does not establish an agreement between the parties.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLAH, a/k/a KEVIN KERR, THE MOORISH SCIENCE TEMPLE OF AMERICA, Inc.,** | : : : : | |
| Plaintiffs | : : | CIVIL NO. 1:CV-05-1165 |
| v. | : : | (Judge Rambo) |
| **MISS HOLLENBACH,** | : : | |
| Defendant | : | |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED**, as legally frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

2. The Clerk of Court shall close this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

             s/Sylvia H. Rambo
             SYLVIA H. RAMBO
             United States District Judge

Dated: July 29, 2005.