IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLAH, a/k/a KEVIN KERR, THE MOORISH SCIENCE TEMPLE OF AMERICA, Inc.,** | : : : : | |
| Plaintiff | : : | CIVIL NO. 1:CV-05-1165 |
| v. | : : : | (Judge Rambo) |
| **MISS HOLLENBACH,** | : : | |
| Defendant | : | |

## MEMORANDUM and O R D E R

Plaintiff, Allah, a/k/a Kevin Kerr, a/k/a The Moorish Science Temple of America, Inc., a prisoner currently incarcerated at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint (Doc. 1). Plaintiff claims that the Defendant violated the Bureau of Prisons' policy to assist inmates in "any way possible to obtain [their] personal goals" (Doc. 2 at 2), when she declined his "proposal for a marriage in Islam." (*Id*. at 10.) Plaintiff claims that his marriage to Defendant would "provide for the common defence (sic) and general welfare of the Defendant et al., as well as

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

protect the Defendant from the possibility of having given 'aid to the enemy.'" (*Id.*) Plaintiff also asserts that Defendant's rejection of the marriage proposal constitutes a breach of contract, and violates his rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc et seq. (2000) ("RLUIPA").[2]

By order dated July 29, 2005, this Court dismissed the complaint as legally frivolous. Presently before the Court is Plaintiff's motion for reconsideration (Doc. 17) of the Court's order dismissing the complaint, as well as Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 19). Because this Court finds that Plaintiff has failed to provide the evidence required for a successful motion for reconsideration, and because this Court finds that the appeal is not taken in good faith, Plaintiff's motions will be denied.

### A.  **Motion for Reconsideration**

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). It has also

---

[2] 42 U.S.C. § 2000cc states that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person . . . ."

been held that a motion for reconsideration is appropriate in instances such as where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Plaintiff fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits reconsideration. "The Relief Requested from the Defendant is concurrence in the Enforcement of the Divine Constitution and By-Laws of the Moorish Science Temple of America, in conjunction with Article III, Section 3, Clause 1 [treason] to the Constitution of the United States of America, as provided in 42 U.S.C. [§] 1988 (The Application of Statutory and Common Law)." (Doc. 17 at 9.)  Although Plaintiff submitted new exhibits (Doc. 18; The Moorish Literature and The Holy Koran) with his motion for reconsideration, these documents are not argued to be newly discovered evidence.  Moreover, Plaintiff fails to explain how these documents, "if discovered previously, might have affected the court's decision." *Harsco*, 779 F.2d at 909.  Accordingly, his motion for reconsideration will be denied.

3

### B.     Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff has filed a motion for leave to proceed *in forma pauperis*.  In the Order (Doc. 10) dismissing the complaint, the Court certified that any appeal taken in this case would be deemed frivolous, without probable cause, and not taken in good faith.  Under the provisions of 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Consequently, Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED THAT:**

1)     Plaintiff's motion for reconsideration (Doc. 17) is **DENIED**.

2)     Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 19) is **DENIED**.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated:  October 13, 2005.